UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **District No. 1, Pacific Coast District, Marine Engineers' Beneficial Association, AFL-CIO,** )<br>)<br>)<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**Liberty Maritime Corporation,** )<br>)<br>*Defendant.* ) | Civil Case No. 18-1618 (RJL) |

MEMORANDUM OPINION
(June 24, 2022) [Dkt. # 28]

Plaintiff District No. 1, Pacific Coast District, Marine Engineers' Beneficial Association, AFL-CIO ("MEBA" or "Union") brings suit against Liberty Maritime Corporation ("Liberty" or "Company") pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, challenging the Company's appointment of an arbitrator to resolve disputes under the parties' labor contract. MEBA seeks a declaratory judgment and related injunctive relief, including that this Court order Liberty to remove the current arbitrator and order the parties to appoint a new arbitrator. *See* Complaint [Dkt. # 1] ("Compl.") ¶¶ 70–78. Before this Court is Liberty's renewed Motion to Dismiss for failure to state a claim. *See* Def.'s Motion to Dismiss [Dkt. # 28] ("Def.'s Mot."). Because I find that MEBA's remaining claims are precluded by a valid judgment on the same claims entered by a New York court, I will GRANT in part and DENY in part Liberty's motion to dismiss [Dkt. # 28].

1

## BACKGROUND

This case's factual background has been largely set forth in this Court's previous opinion, *see District No. 1, Pacific Coast District, Marine Engineers' Beneficial Ass'n, AFL-CIO v. Liberty Maritime Corp.*, No. 18-1618, 2019 WL 224291 (D.D.C. Jan. 15, 2019) ("*MEBA I*"), and that of our Circuit Court, *see District No. 1, Pacific Coast District, Marine Engineers' Beneficial Ass'n, AFL-CIO v. Liberty Maritime Corp.*, 998 F.3d 449 (D.C. Cir. 2021) ("*MEBA II*"). Accordingly, I will limit my recitation of the facts to those issues directly relevant to the issue at hand.

Plaintiff MEBA is a labor union that represents employees in the United States maritime industry. Compl. ¶ 6. Liberty is a commercial shipping company that employs individuals represented by the Union on several of its seagoing vessels. Compl. ¶ 7. More than 30 years ago, the parties entered into a collective bargaining agreement (hereinafter "agreement" or "labor contract") governing their relationship. Compl. ¶¶ 12, 14. That agreement contemplates that MEBA and Liberty resolve any grievances that may arise through arbitration. Compl. ¶¶ 12, 14. Either party may sue to enjoin arbitration in the federal courts of the District of Columbia, but any action to confirm or set aside an arbitral award must be brought in New York state court. Compl. Ex. 1 [Dkt. # 1-1], § 2(o).

The dispute at issue here arose in mid-2018. Compl. ¶¶ 16–18. Liberty invoked the arbitration provisions of the agreement and sought to appoint an arbitrator under the terms of the agreement. Compl. ¶ 21. As described in this Court's prior opinion, MEBA sued Liberty in this forum, requesting that this Court order Liberty to remove that arbitrator and direct the parties to appoint a new arbitrator. *MEBA I* at *1.

MEBA initially sought a temporary restraining order enjoining arbitration, *see* Mot. for Temporary Restraining Order and Preliminary Injunction [Dkt. # 3], but withdrew the motion before a hearing, *see* Notice of Withdrawal [Dkt. # 11].

Meanwhile, Ronald Kreismann was appointed as arbitrator, and he subsequently issued awards in favor of Liberty. Mem. in Opp. to Def.'s Mot. to Dismiss and in Supp. of Pl.'s Action to Compel Arbitration on Remand 5 [Dkt. # 30] ("Opp."). Pursuant to the forum selection clause in the agreement, MEBA sued Liberty in New York state court to set aside those awards. *Id.* Since that time, litigation over the same underlying dispute— the validity of the arbitration—has proceeded in both federal and state court.

In ruling on Liberty's earlier motion to dismiss, I found that the validity of the arbitrator's appointment was a procedural disagreement properly within the scope of matters to which the parties had agreed to arbitrate. *MEBA I* at *5. I therefore granted Liberty's motion and referred the parties to arbitration. *Id.* at *6. MEBA appealed, and our Circuit Court reversed, holding that the question whether the arbitrator was validly appointed was for this Court, and remanded. *MEBA II*, 998 F.3d at 463. Meanwhile, the New York Supreme Court ruled in Liberty's favor, issuing a judgment holding that the arbitrator was validly appointed and confirming the arbitral awards issued by Kreismann. *See Dist. No. 1, Pac. Coast Marine Eng'rs' Beneficial Ass'n v. Liberty Mar. Corp.*, No. 655407/2018, 2021 WL 854340 (N.Y. Sup. Ct. Mar. 5, 2021).

Following remand, Liberty filed a renewed Motion to Dismiss on November 1, 2021. Liberty Mar. Corp.'s Mot. to Dismiss and its Statement of P. & A. in Supp. of its Mot. to Dismiss [Dkt. # 28] ("Mot."). That motion has been fully briefed. *See* Opp.;

Liberty Mar. Corp.'s Reply in Supp. of its Mot. to Dismiss [Dkt. # 32] ("Reply"). The question before this Court now is the preclusive effect of the New York state court judgment.

## STANDARD OF REVIEW

A court may dismiss a claim if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a Rule 12(b)(6) motion to dismiss, the Court "assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor." *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014).

In ruling on a Rule 12(b)(6) motion to dismiss, the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which ... judicial notice" may be taken. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). The court may take judicial notice of another court's proceedings. *Covad Commc'ns Corp. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

The doctrines of *res judicata* and collateral estoppel promote judicial economy and finality by preventing litigants from relitigating claims and issues that have already been adjudicated by other courts. *McCord v. Bailey*, 636 F.2d 606, 609 (D.C. Cir. 1980). "Application of the doctrine of collateral estoppel represents a decision that the needs of

4

judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." *Nasem v. Brown*, 595 F.2d 801, 806 (D.C. Cir. 1979); *accord Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324–25 (1971) (citing "orderliness and reasonable time saving in judicial administration" as animating principles of the doctrine of preclusion). *Res judicata* is an affirmative defense that is typically pled in an answer, but parties may assert *res judicata* in motions to dismiss under Rule 12(b)(6). *Stanton v. D.C. Ct. App.*, 127 F.3d 72, 76–77 (D.C. Cir. 1997).

Under the principles of *res judicata*, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties …." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004) (citation omitted). "Where there is a mutuality of parties, the party alleging jurisdiction in a second action will be precluded from relitigating any issue of fact or law determined against it in the first action which it had the full opportunity to litigate." *GAF Corp. v. United States*, 818 F.2d 901, 913 (D.C. Cir. 1987). *Res judicata* therefore requires (1) a valid, final judgment on the merits (2) on the same issues (3) between the same parties. *Stanton*, 127 F.3d at 78.

Collateral estoppel, or issue preclusion, follows a similar logic. A litigant is barred from relitigating an issue in a subsequent litigation if "[1], the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case[; 2], the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case [; and] [3], preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of*

*Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007) (alterations in original) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)). Under our Circuit's precedents, "the entire *issue* [] is precluded, not just the particular arguments raised in support of it in the first case." *Yamaha Corp. of Am.*, 961 F.2d at 254. Issue preclusion bars relitigation of any issue that is actually contested and necessarily decided in a valid judgment, even in the absence of any written opinion. *Am. Iron & Steel Inst. v. EPA*, 886 F.2d 390, 397 (D.C. Cir. 1989).

Federal courts accord the same preclusive effect to state court judgments as would a state court in the jurisdiction in which the original judgment was made. *Migra v. Warren City Sch. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Here, New York law follows a "transactional analysis," which bars all claims arising from the "same transaction," even if they adopt a different theory, or seek different relief from the litigated claim. *O'Brien v. City of Syracuse*, 429 N.E.2d 1158, 1160 (N.Y. 1981). More importantly perhaps, New York law accords preclusive effect to a final judgment at the time it is issued, regardless of any pending appeal. *Parkhurst v. Berdell*, 110 N.Y. 386, 392–393 (1888); *In re New York City Asbestos Litig.*, 187 A.D.3d 468, 469 (N.Y. App. Div. 2020) ("The fact that defendant had filed a notice of appeal when it settled the *DeRozieres* action 'did not suspend the operation of the judgment as an estoppel'" (quoting *Parkhurst*, 110 N.Y. at 392–393)); *see also* 9 A.L.R.2d 984 (1950) ("[I]t seems the settled rule in New York that the pendency of an appeal does not affect the operation of a judgment as *res judicata*.").

## ANALYSIS

**I.  The Court properly takes judicial notice of the New York judgment**

As an initial matter, the Court takes judicial notice of the parallel proceedings between MEBA and Liberty in New York state court and the judgment issued in that case. *See Covad Commc'ns Corp.*, 407 F.3d at 1222. The New York proceedings do indeed relate to the same underlying legal and factual disputes at issue before this Court. *See generally Liberty Mar. Corp.*, 2021 WL 854340. That judgment, along with all well-pleaded facts alleged in the complaint, is therefore properly considered by this Court in deciding a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). *St. Francis Xavier Parochial Sch.*, 117 F.3d at 624.

**II.  MEBA's claims are barred by *res judicata***

Unfortunately for this plaintiff, the New York judgment affirming the arbitral awards precludes MEBA's claims in this case. That judgment is a valid, final judgment on the merits on the same issues in litigation between the two parties in this case. *Stanton*, 127 F.3d at 78. Indeed, MEBA had an opportunity to fully litigate in the New York Supreme Court the critical issue before this Court: the validity of Kreismann's appointment and the subsequent arbitral proceedings. The fact that the plaintiff believes the New York court got it wrong is an insufficient reason to permit MEBA to relitigate its case. *Nasem*, 595 F.2d at 806 ("[T]he needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal.").

MEBA does not, and could not, seriously contest that the prerequisites for *res judicata* are met here. Indeed, each of the criteria our Circuit Court established in *Stanton* is met.

First, the New York court issued a valid, final judgment on the merits. MEBA has appealed that judgment, Opp. at 5, but, under New York law, the final judgment of a trial court has preclusive effect regardless of a pending appeal, *Parkhurst*, 110 N.Y. at 392–93. Undaunted, MEBA also argues that the Court should not defer to the New York court's judgment because, according to MEBA, the New York court did not reach the merits. In support of that proposition, MEBA argues that the New York court merely adopted the reasoning this Court expounded in granting Liberty's previous motion to dismiss. Opp. at 13–14. This is unavailing. MEBA fully briefed its claims, Mot. Exs. B [Dkt. # 28-2], D [Dkt. # 28-4], and the New York Court considered and rejected MEBA's arguments. *See Liberty Mar. Corp.*, 2021 WL 854340, at *1. In any event, it is the fact of the judgment, not the judicial reasoning reflected in the court's opinion, that has the preclusive effect. *Am. Iron & Steel Inst.*, 886 F.2d at 397.

Neither is there any serious question as to whether the New York case resolved the same issues as those pending in this Court. In both forums, MEBA sued Liberty to challenge the validity of the appointment of Kreismann as the arbitrator overseeing the proceedings between the two parties conducted from July 2018 onward. Opp. at 12 (describing the "dual-track litigation"). The only difference between the two cases is timing; MEBA sued Liberty in this case to enjoin arbitration that had not yet begun, and it sued Liberty in New York to set aside the results of the same arbitration after it was

completed. Under the transactional analysis required pursuant to New York law, the fact that MEBA seeks different relief in this case does not avoid the preclusive effect of the prior decision. *O'Brien*, 429 N.E.2d at 1160 (N.Y. 1981). The bottom line is clear: MEBA had every opportunity to contest those common "issue[s] of fact and law" in the New York court. *GAF Corp.*, 818 F.2d at 913.[1]

As such, the New York judgment precludes MEBA's claims in this case under the doctrine of *res judicata*. Therefore, Liberty is entitled to dismissal of all MEBA's claims.

### III. MEBA's claims for declaratory judgment are also barred by issue preclusion

MEBA's claims for declaratory relief are also barred by collateral estoppel. In addition to injunctive relief, MEBA seeks declaratory judgment on five discrete issues. MEBA sought rulings that (1) Liberty cannot "unilaterally appoint an arbitrator"; (2) any arbitrator must be appointed by "mutual consent" of the parties; (3) Mr. Kreismann lacked authority; (4) Liberty lacked authority to "unilaterally schedule" the meeting to select an arbitrator; and (5) Liberty lacked authority to prevent MEBA's counsel from participating in the meeting to select an arbitrator. Compl. ¶¶ 71–75. The decision of the Circuit Court resolved the first two claims for declaratory judgment in MEBA's favor. *See MEBA II*, 998 F.3d at 463–64. The New York court actually considered and necessarily decided the three remaining issues in Liberty's favor. *Martin*, 488 F.3d at 454. MEBA can identify no fundamental unfairness, so it is barred from relitigating them in this suit. *Id.*

---

[1] The final requirement for *res judicata* is identity of parties. *Stanton*, 127 F.3d at 78. There is no question that that prong is met.

9

Before reviewing the New York judgment, it is illustrative to consider the declaratory relief MEBA seeks. The first remaining question is straightforward: MEBA asks this Court to find that Kreismann was not properly appointed as arbitrator. Second, MEBA asks this Court to find that the meeting at which Kreismann was appointed was invalidly set. That finding would necessitate concluding Kreismann was not validly appointed. Finally, MEBA asks this Court to find that Liberty lacked authority to assert that MEBA's counsel could not participate in the meeting at which Kreismann was appointed. Again, were the Court to find for MEBA, the conclusion that Kreismann's appointment was invalid would logically follow. In essence, MEBA asks the Court to reach one conclusion—that Kreismann's appointment is invalid—via three different theories. How convenient!

Having established that a ruling in MEBA's favor on any of the three outstanding declaratory judgment claims would necessarily entail finding Kreismann's appointment invalid, I turn to the New York judgment. The New York court upheld the awards issued by Kreismann. *Liberty Mar. Corp.*, 2021 WL 854340, at *1. Under New York law, an arbitral award "shall be vacated" upon application of a party if the court finds that "an arbitrator ... exceeded his power or so imperfectly executed it that a final and definite award upon the subject was not made...." N.Y. C.P.L.R. 7511(b)(1)(iii) (McKinney). The New York court could not have ruled in Liberty's favor without determining that Kreismann was validly appointed as arbitrator. Because the New York judgment settled any question as to the validity of Kreismann's appointment, MEBA is precluded from attacking that holding under novel legal theories. *See Yamaha Corp. of Am.*, 961 F.2d at

10

254 (holding that, where issue preclusion applies, "the entire *issue* [] is precluded, not just the particular arguments raised in support of it in the first case"). That precludes MEBA from relitigating Kreismann's appointment directly or indirectly. Any of MEBA's claims for declaratory judgment, if granted, would compel a result at odds with the New York judgment. Therefore, all three are precluded.

This ruling works no "basic unfairness." *Martin*, 488 F.3d at 454. Our Circuit Court has previously identified such unfairness where (1) the losing party lacked sufficient incentive to fully litigate the issue in the first matter or (2) the prior proceedings were "seriously defective." *Id.* at 455. That of course is not the case here. MEBA had the same incentives to fully litigate these questions in both forums, and MEBA raised no allegation that the New York proceedings were "seriously defective."

### IV.   Our Circuit Court did not address the preclusive effect of the New York judgment

MEBA argues that our Circuit Court's ruling "flatly rejected" the preclusive effect of the New York judgment. Opp. at 13. This argument, however, seriously misreads that opinion and the law.

Our Circuit Court's opinion briefly addressed the New York court's ruling. *See MEBA II*, 998 F.3d at 464–65. But that is not dispositive as to the question of the preclusive effect of the New York judgment. First, while our Circuit Court noted that the resolution of the New York case was no obstacle to deciding the appeal, it offered no reason why *this* Court should not consider the ramifications of the New York judgment upon remand. *Id.*

11

at 464. Second, our Circuit Court expressly noted that Liberty did not argue, and so it did not consider, whether the New York judgment had any preclusive effect. *Id.* at 465. Finally, the suggestion that the Circuit Court ruled on the preclusive effects of the New York judgment *sub rosa* is inconsistent with our precedents. Indeed, our Circuit Court's "normal rule is to avoid [] consideration" of "questions of law that were not passed upon by the District Court." *Liberty Prop. Tr. v. Republic Props. Corp.*, 577 F.3d 335, 341 (D.C. Cir. 2009). The New York judgment had not issued when I issued my prior opinion, so I had no occasion to consider it. Had the Circuit Court chosen to break with its typical practice and consider the effect of the state court judgment in the first instance, it would have said so. But it did not. For these reasons, MEBA's claim that our Circuit Court "flatly rejected" Liberty's preclusion arguments fails.

## CONCLUSION

For the reasons outlined above, I find that MEBA's first and second claims for declaratory judgment are moot in light of our Circuit Court's previous opinion in this case, and MEBA's remaining claims are precluded by the New York state court judgment on the same issues. Thus, for all of the reasons outlined in this Opinion, defendant's Motion to Dismiss [Dkt. # 28] is GRANTED as to all remaining claims, and the Complaint [Dkt. # 1] is DISMISSED. A separate Order consistent with this decision accompanies this Memorandum Opinion.

*/s/ Richard J. Leon*
RICHARD J. LEON
United States District Judge